(No. 5415.   May 31, 1930.)

STATE, Respondent, v. MRS. H. E. BROOKS, Appellant.

[288 Pac. 894.]

Jones, Pomeroy & Jones and Witty & Anderson, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Respondent.

BUDGE, J.—Defendant was convicted of involuntary manslaughter, and appeals from the judgment and an order overruling a motion for new trial. The charge was filed as a result of a collision of an automobile driven by defendant with one driven by James McQuade, who died from injuries sustained at the time. The defendant was driving a Chrysler "70" four-door sedan, accompanied by three other persons, and proceeding in a northerly direction along South Grant Avenue, in the city of Pocatello. McQuade was in a small, open, one-seated automobile, proceeding west along West Halliday Street. The defendant's car crashed into McQuade's at the intersection of the streets mentioned, hurtling McQuade from his car and forcing it over on to the sidewalk. Defendant's car was overturned, the indications being it had struck a water hydrant at one of the corners of the intersection after colliding with McQuade. Evidence of violent contact of defendant's car with the body of McQuade was found on the front of defendant's car. Witnesses who observed the defendant's car as it approached the intersection stated it was proceeding at a rapid rate of speed and swaying and swerving in its course. After the collision the front bumper of defendant's car was found to be pressed back on the wheel, the right front fender bent down almost to the tire and the front axle bent back about two inches.

Appellant first attacks the sufficiency of the information, contending it was subject to demurrer as indefinite and uncertain in that appellant was not apprised thereby of the particular facts constituting the acts or omissions on her part amounting to negligence; and also that the information is duplicitous. The material part of the information charges that appellant, on June 28, 1928, while engaged and occupied in running and operating a motor vehicle on the public highways of the state of Idaho, in Bannock county, at or near the intersection of South Grant Street and West Halliday Street, did unlawfully and feloniously run and operate said motor vehicle negli-

gently and carelessly and without due caution, by then and there driving the same at such rate of speed and in such manner as to endanger the lives and limbs of persons passing by, upon or along said highway. The charge continues with the statement that by reason of said negligence, carelessness and lack of caution the defendant did then and there unlawfully and feloniously drive said automobile against the person of one James McQuade, thereby inflicting upon him mortal wounds from the effects of which he died. "And so said . . . . defendant did in the manner and form aforesaid unlawfully and feloniously, but without malice, kill the said James McQuade and commit the crime of involuntary manslaughter."

In *State v. Gee,* 48 Ida. 688, 284 Pac. 845, this court recently passed upon the sufficiency of an information charging the same offense in more general and restricted language, and held the same not vulnerable to attack upon demurrer which included grounds similar to those urged in the instant case. The information herein more nearly approaches what appellant contends it should contain than did that in the Gee case. We consider the discussion and ruling in that opinion sufficient answer to the point raised by appellant upon demurrer to the information.

Under C. S., sec. 8214 (2), as amended by Sess. Laws 1921, chap. 155, p. 348, involuntary manslaughter "is the unlawful killing of a human being, without malice—in the perpetration of or attempt to perpetrate any unlawful act, other than arson, rape, robbery, burglary, or mayhem; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection." As will be observed from a reading of the opinion in *State v. Gee, supra,* the information in such a case is sufficient without allegations of the details of the commission of the crime. The fact that it does charge its commission, following the statute, in the doing of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection, does not make it contain separate offenses.

Under appellant's requested instructions numbered 2 and 3, the court was asked to charge the jury as to the effect upon the rights of appellant if they believed the deceased jumped from his car at or immediately prior to the collision. There was insufficient evidence upon which to base such instructions if otherwise proper. The doctrine of contributory negligence has no place in the law of crimes. (*State v. Gee, supra; State v. McIver,* 175 N. C. 761, 94 S. E. 682.)

By appellant's requested instructions numbered 4 and 5, the court was asked to explain to the jury that driving an automobile at a speed that is unreasonable or such as is likely to endanger life or limb is not necessarily the driving of the same without due caution and circumspection, or criminal negligence or carelessness. The court instructed the jury substantially in the language of the statute as to what constituted a violation of the law in the manner of driving a vehicle on the highway, employing the words as in the statute set forth, "without due caution and circumspection or in a manner so as to endanger or be likely to endanger any person or property." C. S., sec. 8214, as amended, *supra,* defining involuntary manslaughter, covers the killing of a human being, without malice, in the commission of a lawful act without due caution and circumspection, as in effect stated by the court. Ordinarily, the language employed by the legislature in defining a crime is deemed to be best suited for that purpose, and error cannot be predicated upon its use in informations and instructions. The legislature has the power to declare what the law shall be on the subject, and its definition of the offense of involuntary manslaughter having been stated to the jury, in effect, the law upon that point was sufficiently covered and it was not error for the court to refuse to amplify thereon. The identical instructions given by the court were given in *State v. Gee, supra,* and quoted with approval by this court. (See, also, *People v. Quon Foo,* 57 Cal. App. 237, 206 Pac. 1028; *People v. Seiler,* 57 Cal. App. 195, 207 Pac. 396; *People v. Fowler,* 178

Cal. 657, 174 Pac. 892.) As used in instructions of this kind the words "due caution and circumspection" have a common and ordinary meaning and are understood by the average person. An attempt to expand upon them would be no more than a mere commonplace, a refusal to instruct on which does not constitute reversible error. (*People v. Raber*, 168 Cal. 316, 143 Pac. 317.) Appellant was amply protected by other instructions of the court which told the jury that a verdict of guilty would not be warranted unless the state proved beyond a reasonable doubt that the defendant was driving her car in an unlawful manner which was the proximate cause of the death of McQuade; and that defendant was not charged with having driven her car at an unlawful rate of speed or in violation of the speed laws of this state, and whatever testimony was received touching the rate of speed at which her automobile was driven was only for the purpose of determining whether it was driven in such reckless manner as in the instructions defined to be unlawful.

It is contended the court erred in not instructing the jury, upon request therefor, that defendant might be found guilty of "involuntary manslaughter or the included offense of assault, or the included offense of battery." Without deciding that the offenses mentioned are included offenses within the meaning of C. S., sec. 8997—"there may be manslaughter as well as murder committed where there is no assault, no battery" (*Matter of McLeod*, 23 Ida. 257, at 266, 128 Pac. 1106, 1109, 43 L. R. A., N. S., 813, quoting from *Moore v. State*, 59 Miss. 25)—it is not error to refuse to instruct the jury that the defendant might be guilty of lesser offenses included in that charged when there is no evidence that would tend to reduce the offense charged. (*State v. Thomas*, 47 Ida. 760, 766, 278 Pac. 773.) It has been held that an omission or refusal to give such an instruction is favorable error, for the reason that it will not be presumed that the jury would convict of the higher offense because not permitted to convict of the lesser. The natural presumption in such case is that,

unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt of the higher offense, they will perform their duty and acquit. (8 Cal. Jur. 376–379, secs. 409, 410, and cases cited under note 17.) The evidence abundantly warrants the verdict, and there is no reason to believe a different result would have been reached had the proposed instruction been given.

The state's witness, Mrs. Brinson, was permitted to testify over the objection of appellant that her attention was directed to the car driven by appellant just preceding the collision "by the fast driving speed of it," and that it "zipped by me." The witness had previously stated she was seated in her car parked on the highway, about three-eighths of a mile from the scene of the collision, when an automobile the same color as that driven by appellant passed her on the highway. She did not see any other car pass. She observed four persons in the car and that a woman was driving. Appellant's car was occupied by four persons, and she was driving. Immediately after this car had passed the witness was driven to the place where the collision had just occurred, and saw there, overturned, a car of the same description as that which passed her on the highway going in the direction of the scene of the collision. The admission of this testimony does not constitute reversible error in the light of the entire record. There is no question that the facts bear out the identity of the car seen by the witness as the one which collided with that in which deceased was riding. The proximity of time at which the car passed the witness and was seen by her at the point of the collision, and her statement that she saw no other car pass along the highway in that direction, coupled with the testimony on behalf of appellant that she had driven that way, negative any idea that it was another vehicle than appellant's which the witness had observed. While the statements of this witness alone as to the speed of the car which passed her might not be material to show it was being driven in a reckless manner at the time of the collision, they are not immaterial when considered in connection with the testi-

mony of other witnesses who observed appellant's car as it approached the point of impact with deceased's.

The court did not err in sustaining objections to two questions asked appellant upon direct examination, in the form propounded, or in striking a portion of her answer to another question. Her explanation of the whole matter was fully presented to the jury, and she was not prevented from detailing the facts as to the operation of her car or as to what she did in attempting to avoid a collision.

It was attempted to be shown by affidavits on motion for new trial that during the progress of the trial the mother and grandmother of the deceased had conversed with members of the jury and exhibited a photograph to them. The evidence produced in support of the statements in the affidavits was insufficient to bear out that the jury had been tampered with as indicated.

In our opinion the record shows appellant was accorded a fair and impartial trial and that her rights were amply protected throughout. Finding no reversible error, the judgment and order must be affirmed, and it is so ordered.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.