220 P.2d 687

**STATE v. WHEELER.**

No. 7560.

Supreme Court of Idaho.

July 11, 1950.

George C. Huebener, Emmett, for appellant.

Robert E. Smylie Atty. Gen., J. R. Smead Asst. Atty. Gen. and A. D. Foster, Pros. Atty., Emmett, for respondent.

KEETON, Justice.

Appellant was convicted of involuntary manslaughter. The amended information charged: "That the said defendant, Joe J. Wheeler on or about the 25th day of December, 1948, in the County of Gem, State of Idaho, and while engaged and occupied in running, driving and operating a motor vehicle on a public highway * * .* did wilfully, unlawfully, feloniously drive and operate said motor vehicle negligently, carelessly, and without due caution and circumspection, by then and there driving said motor vehicle around a curve and across a railroad crossing on said State Highway * * * and in such a manner as to endanger the lives and limbs of persons passing or standing nearby, that while said defendant was so driving and operating said motor vehicle at said time and place, in the manner aforesaid, the defendant then and there unlawfully, wilfully and feloniously drove said motor vehicle into and against the rear of a motor vehicle standing at the gas pump of the Leonard Service Station and that as a direct result thereof the motor vehicle driven by the defendant did inflict upon Walter E. Folden, a living human being, certain mortal wounds and injuries, by striking or crushing said Walter E. Folden against the gas pump there located, and that the said Walter E. Folden did on the 25th day of December, 1948, die from the effect of the wounds and injuries so inflicted, and said defendant Joe J. Wheeler did in the manner and form aforesaid, wilfully and unlawfully and feloniously, but without malice, kill the said Walter E. Folden, and commit the crime of Involuntary Manslaughter."

To this information the defendant (appellant) demurred on the grounds that the facts stated do not constitute a public offense, and are insufficient to enable a person of common understanding to know

what is intended; that it cannot be ascertained or determined in what manner and in what respect he violated any law of the state with respect to the operation of a motor vehicle upon a highway of said state, and that the amended information does not contain a statement of the acts constituting an offense in ordinary and concise language. The demurrer was overruled and appellant assigns this ruling as error.

A reading of the information discloses that the defendant unlawfully operated a motor vehicle carelessly, negligently and without due caution and circumspection and in a manner as to endanger the lives, limbs and persons of others, and by that means killed the deceased Folden.

Sec. 19-1409, I.C. covering the requirements of indictments (applicable to informations) provides that the indictment must contain:

"1. * * *."

"2. A statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended."

The information in this case informed the defendant that he was charged with killing the deceased by causing him to be crushed due to and because of the careless and negligent driving of a motor vehicle on a public highway without due caution and circumspection, and in such a manner as to endanger the lives of persons passing or standing nearby.

While the unlawful acts relied on are enumerated only in general terms, it is sufficient to advise a person of common understanding that the death was caused because of reckless driving.

Reckless driving is defined by Sec. 49-503, I.C. as follows: "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in section 49-562."

A comparison of the information in the cases of State v. Mickey, 27 Idaho 626, 150 P. 39, and State v. Goldizen, 58 Idaho 532, 78 P.2d 278, and the case at bar discloses that the material and essential parts thereof are the same. While the information upheld in the above cases contains other matter not in the information before us, we conclude that it is sufficient to advise a person of common understanding of the acts relied on, in that Sec. 49-503, I.C., supra, had been violated thus causing the death complained of. See also State v. Brooks, 49 Idaho 404, 288 P. 894.

Appellant assigns as error the giving of instruction No. 10, as follows:

"You are instructed that the term 'criminal negligence' as and whenever used in these instructions, does not mean merely the failure to exercise ordinary care; it means gross negligence, or such negligence as amounts to a reckless disregard of consequences and the rights of others."

"The term 'gross negligence' as used in the definition of manslaughter given in these instructions, means such a degree of negligence or carelessness as amounts to the want of slight diligence, or to an entire failure to exercise care, or to the exercise of so slight a degree of care as to justify the belief by the jury that there was an entire indifference to the property and persons of others, or the inference that there was a conscious indifference to consequences. It is not a necessary element of gross negligence that there be present in the conduct in question either wilfullness or wantoness."

The instruction above complained of defining criminal negligence as "such a degree of negligence or carelessness as amounts to the want of slight diligence * * * or to the exercise of so slight a degree of care as to justify the belief by the jury that there was an entire indifference to the property and persons of others, or the *inference* that there was a conscious indifference to consequences" is not a definition of criminal negligence. Further, it is contradictory, involved, and not applicable.

In one part of the instruction the jury is told that criminal negligence means gross negligence. In another part of the same instruction the jury is informed that "such a degree of negligence or carelessness as amounts to the want of slight diligence, or to an entire failure to exercise care, or to the exercise of so slight a degree of care as to justify the belief by the jury that there was an entire *indifference* to the person or property of others, or to the *inference* that there was a conscious indifference to consequences". Two entirely different meanings are susceptible from a reading of the instruction.

■ An instruction that is apt to confuse or mislead the jury, or where it requires an involved explanation, or is ambiguous and uncertain, or erroneously states the law, or is confusing and misleading, should not be given. 23 C.J.S., Criminal Law, § 1306, p. 893; State v. Taylor, 59 Idaho 724, 87 P.2d 454.

Sec. 18-4006, I.C. defines manslaughter as follows:

"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

"1. Voluntary—* * *."

"2. Involuntary—in the perpetration of or attempt to perpetrate any unlawful act, other than arson, rape, robbery, burglary, or mayhem; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

Sec. 18-114, I.C. provides: "In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

The term "criminal negligence", as used in the statute has been defined by this Court in the following cases. State v. McMahan, 57 Idaho 240, 65 P.2d 156; State v. Taylor, supra; State v. Hintz, 61 Idaho 411, 102 P.2d 639.

 If the defendant violated Sec. 49-503, I.C. the degree of negligence is not important as an element of involuntary manslaughter based on the commission of an unlawful act.

 If one commits an act expressly forbidden by law and thereby causes the death of another, he may be convicted of involuntary manslaughter. 40 C.J.S., Homicide, § 57, p. 920; People v. Seiler, 57 Cal.App. 195, 207 P. 396; Commonwealth v. Aurick, 138 Pa.Super. 180, 10 A.2d 22; Commonwealth v. Bergen, 134 Pa.Super. 62, 4 A.2d 164. See also Note 46 A.L.R. 1060, in which the authorities are collected and reviewed.

Involuntary manslaughter, insofar as applicable here, is defined as the doing of an unlawful act not amounting to arson, rape, robbery, burglary or mayhem.

Thus, where an act is condemned or made a crime by statute and the doing of such unlawful act results in the death of another (subject to exceptions above) such result amounts to involuntary manslaughter.

Appellant assigns as error the giving of instructions No. 12, 13 and 14.

Instruction No. 12, is in part as follows:

"You are instructed that it is unlawful in this state for any person who is under the influence of intoxicating liquor to drive any vehicle upon any highway in this state. * * *"

Instruction No. 13:

"You are instructed that the expression 'under the influence of intoxicating liquor' as used in these instructions, includes not only all well known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree of intoxicating liquor to the extent that the user thereof is deprived by reason of the use thereof of that clearness of intellect and control of himself which he would otherwise possess."

"To be 'under the influence of intoxicating liquor' within the meaning of the law applicable to this case. * * *"

Instruction No. 14: "You are instructed that no act committed by a person while in a state of voluntary intoxication is less criminal by reason of his having been in such condition. * * *"

 The objection to the above mentioned instructions is that they are not applicable to the case nor pertinent to the issues, and permitted a conviction of the defendant due to the existence of a state of facts not included in the information,

i. e., the violation of the law prohibiting one from driving any vehicle on the highways while under the influence of intoxicating liquor.

The defendant was not charged with having caused the death of the deceased Folden by violation of the statute prohibiting one from driving a vehicle on a public highway while under the influence of intoxicating liquor, but did charge that he drove and operated a motor vehicle negligently, unlawfully, carelessly and without due caution and circumspection. The information did not advise the defendant that he was being placed on trial for a violation of a positive, different and separate statute. See State v. Salhus, 68 Idaho 75, 189 P.2d 372.

Defendant's plea of not guilty put in issue the acts charged in the information, while the instructions complained of permitted and authorized the conviction of the defendant because of a state of facts not included therein.

■ The allegations and the proof should correspond, and where there is a discrepancy between the averments and the proof, there is a variance. If the variance is material as where it misleads the accused in making his defense, or affects his substantial rights, it constitutes a material variance. 42 C.J.S., Indictments and Informations, § 254, p. 1273.

Sec. 19-1413, I.C. provides: "The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

This section permits the charge of involuntary manslaughter to enumerate different criminal means, which caused the death of a human being and where the information charges involuntary manslaughter to have been committed by driving an automobile in a reckless manner, driving while under the influence of intoxicating liquor, not on the right side of the road, or at excessive speed, only one offense is charged. State v. Salhus, supra.

In the case before us the state limited the charge to the acts enumerated in the information.

We therefore conclude that the giving of the instructions above mentioned is reversible error.

■ Error is assigned that the appellant was not permitted to re-examine his own witness relative to new matter brought out in cross-examination by the prosecuting attorney. Re-examination to rebut or explain discrediting testimony elicited on cross-examination should be permitted. 70 C.J. 697, pgh. 851.

■ Appellant assigns as error the admission in evidence of state's exhibits A, B, C, and D; A being a part of a bottle of whiskey; B and C being bottles of

beer; D being beer bottle caps and opener. This evidence was not pertinent to the issues and was highly prejudicial.

 The rule that evidence should be confined to the matters in issue applies to criminal as well as civil cases and evidence offered of matters having no bearing on questions of fact in issue should be excluded.

 Appellant assigns the giving of instruction No. 11 as error. In this instruction the court covered the laws of the road without including subdivision a of Sec. 49-504, I.C. If applicable at all to the issues, subdivision a should have been included in the instruction.

For the reasons above given, the judgment is reversed and the lower court instructed to grant appellant's motion for a new trial.

HOLDEN, C. J., and PORTER, J., concur.

GIVENS, and TAYLOR, Justices (concurring, and in part, dissenting).

We dissent from that part of the opinion holding it was prejudicial error to admit in evidence State's exhibits A, being a part of bottle of whiskey; B and C being bottles of beer; D being beer bottle caps and opener; as they were in connection with the testimony of witness McCall, an Idaho State Police Officer, who arrived at and investigated the accident immediately after its occurrence. He testified that he observed the defendant carefully at that time, smelled alcohol on defendant's breath and was of the opinion the defendant was then influenced by intoxicating liquor. State v. Alvord, 46 Idaho 765 at page 770, 271 P. 322; State v. Parris, 55 Idaho 506 at page 508–509, 44 P.2d 1118, 170 A.L.R. 307; People v. Pahner, 10 Cal.App.2d 294, 51 P.2d 1143; People v. Warner, 27 Cal.App.2d 190, 80 P.2d 737; State v. Busby, 102 Utah 416, 131 P.2d 510, 144 A.L.R. 1468; Hall v. State, Okl.Cr.App., 159 P.2d 283 at page 286. Otherwise, we concur.