239 P.2d 258

**STATE v. SCOTT.**

No. 7760.

Supreme Court of Idaho.

Dec. 13, 1951.

Rehearing Denied Jan. 14, 1952.

A. T. Fredricks, Boise, for appellant.

Robert E. Smylie, Atty. Gen., J. R. Smead, Asst. Atty. Gen., and Louis H. Cosho, Prosecuting Attorney of Boise County, Idaho City, for respondent.

THOMAS, Justice.

The appellant, hereinafter referred to as the defendant, was charged with and convicted of involuntary manslaughter, committed by driving an automobile while under the influence of intoxicating liquor, in a reckless, careless and negligent manner and without due caution and circumspection, against the body of John W. Hoak with great force, thereby producing injuries from which the said person died.

Error is assigned in overruling of defendant's oral motion before the introduction of any evidence, and renewed at the close of all the evidence, objecting to the appearance of a private licensed attorney associated with the prosecuting attorney in the prosecution of this case; the oral motion was based on the statement of defense counsel that the private licensed attorney had a financial or personal interest in the prosecution of the case for the reason that he represented the widow of the deceased in a civil action on substantially the same facts, and that such private attorney had been retained by such widow for the purpose of assisting in the prosecution of the action, and that he had not been appointed either by the county commissioners of Boise County or by the court to assist in such prosecution.

The board of county commissioners may empower the prosecuting attorney to appoint a deputy prosecuting attorney. Sec. 31–2602, Idaho Code; whenever the prosecuting attorney, for any reason set forth in Sec. 31–2603, Idaho Code, is disqualified, the district court is given the authority to appoint an attorney to prosecute any criminal case pending in such district court. Sec. 31–2603, Idaho Code.

The prosecuting attorney may not be concerned as attorney or counsel for any party other than the state, the people, or county, in any civil action, depending upon the same state of facts upon which any criminal prosecution commenced but not determined, depends. Sec. 31–2606, Idaho Code.

Our statute, Sec. 19–2101, Idaho Code, contemplates that counsel for the state other than a deputy prosecutor or a special prosecutor, may appear in the prosecution of a case and that he may be employed by other parties interested in the prosecution. State v. Steers, 12 Idaho 174, 85 P. 104.

It is urged that as a matter of sound public policy, even in the absence of a statute, such private practicing attorney employed by the widow of the deceased should not be permitted to assist in the prosecution, because he has such an interest in the outcome of the case that a conviction would enhance his chances of effecting a later civil recovery upon substantially the same set of facts; that when such a situation presents itself, such attorney cannot act impartially in the interests of the public in protecting the rights of accused, even though he believes such accused to be innocent.

As heretofore stated, the motion was made orally and is not supported in the record, except by such oral statement and the written motion for a new trial, by any showing whatever that such attorney was employed by the widow of the deceased to represent her in a civil action upon substantially the same facts to effect a recovery for damages for the death of her husband, or that any such action was instituted in Boise County or elsewhere by such private counsel, or was pending therein, or elsewhere at the time of the prosecution; from the record it hence cannot be determined that such private counsel was concerned or interested as attorney for the widow of the deceased in any civil action depending upon the same facts out of which the prosecution arose, and for that reason this court cannot pass upon the matter of whether or not such attorney has in fact such an interest in the prosecution as would offend public policy.

The next assignment of error is directed to the refusal of the court to grant the motion of defendant to dismiss the action on the ground that no venue was laid in the information. The information sets forth that the prosecuting attorney of Boise County, State of Idaho, informs the court that Grace Scott, of Horseshoe Bend, Idaho, at Horseshoe Bend, in Boise County, committed the crime of involuntary manslaughter.

An information is complete if it can be understood therefrom, among other things, that the offense was committed at some place within the jurisdiction of the court. Sec. 19–1418, Idaho Code. The information disclosed with reasonable certainty the locus criminis in that it charged the county

and state within which the offense was alleged to have been committed.

 It is next urged by the defendant that the court erred in overruling the defendant's motion to dismiss the information on the ground of uncertainty therein in that it is asserted that the defendant could not determine from the information the nature of the crime with which she was charged, as required by Sec. 19–1418(6) and Sec. 19–1409(2). These sub-sections provide that the acts constituting the offense must be set forth in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended.

The charge is set forth in the information in the following language: "Comes now J. B. Eldridge, the duly elected, qualified, and acting Prosecuting Attorney of Boise County State of Idaho, and informs the Court, that Grace Scott of Horseshoe Bend Idaho on or about July 13th, 1950, at Horseshoe Bend in Boise County, then and there being, did then and there and while under the influence of intoxicating liquor, carelessly, and negligently, recklessly, and without due caution and circumspection, willfully, unlawfully, and feloniously, but without malice, drove an automobile in and across the highway, at high speed without signalling, or giving any sign, of her intention to cross the highway and drove said automobile about 15 or 20 feet beyond the bounds of said highway, into and against the body of one John W.

Hoak a human being with great force, thereby producing injuries upon the body of said John W. Hoak from which he died July 28th, 1950 at the Veterans Hospital Boise, Idaho, and thereby the said Grace Scott committed the crime of involuntary manslaughter."

The information complies with the requirements of Secs. 19–1418(6) and 19–1409(2), as well as Secs. 19–1303, 19–1411 and 19–1419, and could not tend to prejudice any substantial right of the defendant upon the merits. State v. Singh, 34 Idaho 742, 203 P. 1064; State v. Bowman, 40 Idaho 470, 235 P. 577; State v. Calkins, 63 Idaho 314, 120 P.2d 253.

 The defendant concedes in connection with the above assignment that the information must charge but one offense and when such offense is committed by the use of different means they must be alleged in the alternative in the same count as required by Sec. 19–1413, Idaho Code; he asserts further in this connection that in this instance, while only one offense was charged, that is, involuntary manslaughter, that the means were not set out in the alternative nor the conjunctive, thus forcing the defendant to conjecture as to whether or not she was charged with a violation of Sec. 49–503 with reference to reckless driving, or with the violation of Sec. 49–502 with reference to the operation of a motor vehicle upon the public highways of the state while under the influence of intoxicating liquors. There is

no merit to this contention. The information charged but one offense and where the statutes enumerate a series of acts, either of which separately or all together may constitute the offense, all of such acts may be set forth and charged in a single count; this is because even though each act may by itself constitute the offense, yet all of them would do no more. State v. Salhus, 68 Idaho 75, 189 P.2d 372 and the authorities cited therein.

The information informed the defendant that she was charged with killing the decedent by driving an automobile into and against the body of the decedent while under the influence of intoxicating liquor, and carelessly, negligently and recklessly, and without due caution and circumspection. These acts were sufficiently set forth to inform any person of common understanding that death was occasioned because of the reckless, careless and negligent operation of the automobile without due caution and circumspection while under the influence of intoxicating liquor. State v. Wheeler, 70 Idaho 455, 220 P.2d 687.

Defendant assigns as error the giving of Instruction No. 5 defining involuntary manslaughter asserting that the instruction defines manslaughter but does not define involuntary manslaughter. The instruction given is as follows:

"The question arises in your minds at this point, 'What is Involuntary Manslaughter?'

"The legislature of our State has enacted a statute defining Involuntary Manslaughter, and reading as follows insofar as pertinent here:

"'Manslaughter is the unlawful killing of a human being, without malice, in the perpetration of or an attempt to perpetrate any unlawful act, other than arson, rape, robbery, kidnapping, burglary, or mayhem; or in the commission of a lawful act which might produce death in an unlawful manner, or without due caution and circumspection; or in the operation of a motor vehicle in a reckless, careless or negligent manner which produces death * * *.'"

This instruction sets forth in the exact language of Sec. 18-4006, Idaho Code, that portion of the statute which defines involuntary manslaughter. It is the province of the legislature to define crimes. Usually the language employed by the legislature in defining a crime is deemed best suited for the purpose of defining such crime and the use of such definition in an instruction given is not error. State v. Brooks, 49 Idaho 404, 288 P. 894; State v. Ayres, 70 Idaho 18, 211 P.2d 142. When Instruction No. 5 is viewed as a whole it correctly stated the law and there is no error.

Defendant assigns as error the giving of Instruction No. 6. This instruction quoted in pertinent part from Sec. 49-502, Idaho Code, is as follows:

"The Information, among other things, charges the defendant Grace Scott with

driving her automobile upon and adjacent to the highway while under the influence of intoxicating liquor.

"One of the laws of the State of Idaho having to do with the operation of motor vehicles upon and along the highways provides as follows:

" 'It shall be unlawful * * * for any person * * * who is under the influence of intoxicating liquor * * * to drive any vehicle upon any highway of this state.' "

and then goes on to instruct the jury in this connection that if the jury found beyond a reasonable doubt that the defendant was under the influence of intoxicating liquor while operating a motor vehicle at the particular time and place, and that she was engaged in the perpetration of an unlawful act, and should the jury find that her operation of her automobile while in such condition was the proximate cause of running her automobile into and inflicting mortal wounds upon the decedent, resulting in his death, that they should find defendant guilty of involuntary manslaughter. It is asserted that in giving this instruction the court "has mistaken the identity of a lawful act committed in an unlawful manner with an unlawful act." This assignment of error is without merit. The defendant is not charged with committing a lawful act in an unlawful manner, thereby causing the death of another. The defendant is charged with the commission of unlawful acts (the operation of a motor

vehicle upon the public highways of this state while under the influence of intoxicating liquor, carelessly, negligently and recklessly and without due caution and circumspection, which acts are expressly forbidden, condemned and made unlawful by Secs. 49–502 and 49–503, Idaho Code). Where one commits an act expressly forbidden by law and thereby causes the death of another, such person may be convicted of involuntary manslaughter. State v. Wheeler, supra. The giving of the above instruction was not error.

Error is assigned in giving Instruction No. 8 with reference to proximate cause of death. The same instruction was given and approved in the case of State v. Salhus, supra; see 68 Idaho at page 87, note 5, 189 P.2d 372. We find no prejudicial error in giving this instruction.

Error is assigned in giving Instruction No. 9 with reference to excusable homicide and in failing to further instruct the jury that in every crime or public offense there must exist a union, or joint operation of act and intent or criminal negligence, as provided in Sec. 18–114, Idaho Code, and to also define criminal negligence in connection with the statute defining involuntary manslaughter.

In considering the first phase of this assignment of error, which covers excusable homicide, it will suffice to say, without setting forth the instruction given, that the same instruction was given in the case

of State v. Salhus, supra, 68 Idaho page 89, note 7, 189 P.2d 372, and approved by this court. The instruction given with reference to excusable homicide correctly states the law.

The second aspect of this assignment, reduced to its simplest terms, is directed to the failure of the court to give an instruction embodying the provisions of Sec. 18–114, Idaho Code, as to union or joint operation of act and intent or criminal negligence, and also an instruction defining criminal negligence. It is asserted in connection with this assignment that intent or criminal negligence is a necessary ingredient of the crime of involuntary manslaughter.

The statute defining involuntary manslaughter, Sec. 18–4006, does not in and of itself provide that intent is an ingredient of the crime, yet it is insisted by defendant that intent is a necessary ingredient in any crime and that there should have been an appropriate instruction on intent given to the jury. This matter has been disposed of by this court contrary to the contentions of the defendant in several cases. It will be noted from a reading of Sec. 18–4006, Idaho Code, that no evil or criminal intent is necessary in order to commit the act which is by statute made unlawful. The rule is set forth in the syllabus of the court in State v. Keller, 8 Idaho 699, 70 P. 1051, in the following language: "Wicked or willful intent to violate the criminal law is not an essential ingredient in every criminal offense. And that is so in statutory offenses when the statute does not make the intent with which an act is done an ingredient of the crime. The rule is that in acts mala in se the intent governs, and in acts mala prohibita, the intent does not govern, and the only inquiry is, 'Has the law been violated?'"

Again, in the case of State v. Henzell, 17 Idaho 725, 107 P. 67, 70, 27 L.R.A.,N.S., 159, the court citing with approval from the Keller case pointed out that while it may be true that intent is a necessary ingredient in every crime it is only so in the sense that the act must have been committed by the defendant "voluntarily, and not under duress or acting under compulsion of superior force." Later, this court in the case of State v. Sterrett, 35 Idaho 580, 207 P. 1071, 1072, disposed of the matter of intent thusly: "Whether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute, in view of its manifest purpose and design, and, where such intent is not made an ingredient of the offense, the intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial."

We conclude that criminal intent is not an essential ingredient under the provisions of Sec. 18–4006, Idaho Code, where the acts committed which caused the death of another are made unlawful by statute.

The defendant, in urging that it was error in the court's failure to give an instruction defining criminal negligence, relies strongly on the case of State v. Mc-Mahan, 57 Idaho 240, 65 P.2d 156. In that case the defendant was convicted of involuntary manslaughter in connection with that portion of Sec. 18–4006 which covers the commission of a lawful act without due caution and circumspection; he was not convicted under the first portion or clause of said section, which appertains to the perpetration of an unlawful act, such as the violation of traffic statutes: reckless driving and driving while under the influence of intoxicating liquor; here the defendant was not charged with negligence but with a violation of Secs. 49–502 and 49–503, Idaho Code, which are unlawful acts and are made so by statute. This court in the case of State v. Salhus, supra, very clearly differentiated between the McMahan case, where the conviction was for committing a lawful act in an unlawful manner and without due caution and circumspection and thereby resulting in the death of another, and the commission of an act made unlawful by statute; the court therein pointed out that if the act is unlawful, that is, an act which is forbidden by law, and the death of another results from doing such unlawful act, that without more constitutes involuntary manslaughter; the commission of the acts charged, not the negligent or intentional commission of such acts, constitutes the acts as unlawful under the particular statutes; the failure to give an instruction covering intent or criminal negligence did not affect the substantial rights of the defendant and does not constitute prejudicial error.

The defendant urges that error was committed by a statement made by the trial judge, when the jury upon their own request, were by order of the court brought back into the courtroom after some deliberations and in the presence of the judge, defendant and counsel, the jury inquired of the court whether or not they might or were required to recommend punishment of the defendant—meaning, of course, if the jury found the defendant guilty; the court informed the jurors that the matter of imposition of sentence rested with the court, whereupon the jurors then further inquired whether all they could do was to say "Yes or no." The court then replied: "That is correct." It is not the duty of nor should the court instruct the jury as to the punishment that might be inflicted; the duty to pass sentence and pass judgment is for the court and not a proper matter for the jury. State v. Salhus, supra; Sec. 18–106, Idaho Code.

It is urged that because of the reply that the court gave to the jury in response to their inquiry, the court should have then instructed the jury on the matter of included offenses; the inquiries were not directed to the right to find the defendant guilty of a lesser or included offense but only as to the presence or absence of right in the jurors to recommend punishment.

It is surmised that the defendant means, when he asserts that the court erred in failing to instruct the jury on included offenses, that the jury should have been instructed on assault as an included offense, and also on battery as an included offense; it is not necessary to, nor do we decide, that either offense is included in involuntary manslaughter under Sec. 19–2312, Idaho Code; the failure to instruct the jury that defendant might be found guilty of a lesser included offense than that charged is not error when there is no evidence that would tend to reduce the offense charged; furthermore, the omission or refusal to give such instruction has been held a favorable error because it will not be presumed, as counsel for defendant contends, that the jury would convict of a higher offense because it is not instructed or permitted to convict of a lesser offense; where such is the case, it is natural to presume that unless the jurors are satisfied beyond a reasonable doubt that the defendant is guilty of the higher offense charged, that they will perform their duty and acquit. State v. Brooks, 49 Idaho 404, 288 P. 894.

The evidence clearly justifies the verdict and there could be no reason to believe that a different verdict would have been arrived at had such an instruction been given. Additionally, no request for such an instruction was made and generally where no request is made, no error can be predicated upon the failure to so instruct. Advance-Rumely Thresher Co. v. Jacobs, 51 Idaho 160, 4 P.2d 657; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600; Mitchell v. Atwood, 55 Idaho 772, 47 P.2d 680 and cases therein cited.

Defendant assigns as error the refusal of the court to give her requested Instruction No. 1; this instruction can best be understood and evaluated by setting the same forth herein, and is as follows: "You are instructed, Gentlemen of the jury, that a distinction exists between manslaughter and excusable homicide. No criminal responsibility can attach to a death which is a result of accident arising from the doing of any lawful act by lawful means and with usual and ordinary caution and without any unlawful intent; and you are further instructed that in order to constitute any act a public offense, there must exist a union or joint operation of act and intent, or there must be criminal negligence; and you are further instructed that criminal negligence is such negligence as manifests a reckless disregard of consequences and of the rights of others; and unless you find, beyond reasonable doubt, that Mrs. Scott in this case either deliberately intended to inflict the injury upon the deceased or that her acts amounted to such negligence as manifested a reckless disregard of consequences and of the rights of others, she is entitled to your acquittal."

The first part of the requested instruction is covered by the instruction given with reference to manslaughter and the instruction given in connection with excusable homicide. Refusal to give request-

214

ed instruction which is substantially covered by instructions given does not constitute prejudicial error. State v. Copenbarger, 52 Idaho 441, 16 P.2d 383; State v. Hunter, 55 Idaho 161, 39 P.2d 301. No prejudicial error exists for refusal of the court to give this portion of the instruction. It will be noted that the rest of the instruction is directed at the question and matter of the union or joint operation of act and intent, or criminal negligence, which, for reasons hereinabove set forth, is not a necessary or proper instruction to be given, as neither intent nor criminal negligence is an ingredient of the crime charged.

Error is assigned by the defendant for overruling defendant's motion in arrest of judgment and her motion for new trial. The record reveals that no demurrer to the information was filed, hence the motion in arrest of judgment is waived. Sec. 19–2408, Idaho Code.

All of the grounds set forth in the motion for new trial, with one exception, have been covered in this opinion, and we find that the court did not err in denying defendant's motion for new trial on any of those grounds so covered.

The additional ground for new trial not previously considered in this opinion is the asserted error of the court in sustaining the prosecuting attorney's objection to a question propounded by defense counsel to a certain witness relative to past convictions. On cross-examination the following question was propounded to the witness by defense counsel:

"Q. Mrs. Lloyd, you were arrested and convicted of vagrancy?

"A. I don't think that has anything to do with this."

On motion the answer was stricken and counsel for defense then proceeded to question upon matters entirely disconnected with this inquiry; while the court did not sustain the objection to the question, it did properly strike the answer. Vagrancy is not a felony, but a misdemeanor. Sec. 18–7101, Idaho Code; evidence of the conviction of a misdemeanor is not admissible for the purpose of impeachment. State v. Alvord, 46 Idaho 765, 271 P. 322.

We have considered all the assignments of error and find no prejudicial error.

The judgment is affirmed.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.