423 P.2d 858

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Harley Madison LONG, Defendant-Respondent.**

**No. 9880.**

Supreme Court of Idaho.

Feb. 13, 1967.

Allan G. Shepard, Atty. Gen., M. Allyn Dingel, Jr., Deputy Atty. Gen., Boise, Richard G. Magnuson, Pros. Atty., Shoshone County, Wallace, for appellant.

Brown, Peacock & Keane, Kellogg, for respondent.

McFADDEN, Justice.

Defendant Harley Madison Long, respondent herein, was charged by an amended information with the crime of involuntary manslaughter in the operation of a motor vehicle (I.C. § 18–4006) alleged to have been committed on March 31, 1965. The amended information alleges the crime was committed as follows:

"That Harley M. Long of Wallace on or about the 31st day of March, 1965, at Wallace, in the County of Shoshone and State of Idaho, then and there being, did then and there engage in the running, driving and operating of a motor vehicle on a public highway, to-wit: U. S. Highway No. 10 at a point near and easterly from the intersection of said highway and Second Street, in the City of Wallace, Idaho, and while so engaged did wilfully, unlawfully and feloniously drive, manage and operate said motor vehicle in an unlawful, negligent, heedless, reckless and careless manner, and with gross negligence and without due caution and circumspection or regard to the safety of others, while under the influence of intoxicating liquor, and while making a left turn from the surface of U. S. Highway No. 10 and in a grossly negligent manner so as to endanger persons and property; and that while driving and operating said motor vehicle, he did then and there at said time and place and in the manner aforesaid, wilfully, unlawfully, and feloniously drive said motor vehicle into and against the vehicle driven by Byron E. Koenig, a motorcyclist, who was then and there riding a motor cycle traveling in an easterly direction in the southerly lane of said highway; that as a proximate and direct result thereof, the said Byron E. Koenig did then and there receive mortal wounds and injuries from the effect of which said Byron E. Koenig died on or about the 31st day of March, 1965, in the County of Shoshone, Idaho, and in the manner aforesaid the said Harley Madison Long did wilfully, unlawfully and feloniously, but without malice, kill the said Byron E. Koenig, a human being, and commit the crime of Involuntary Manslaughter in the Operation of a Motor Vehicle, (Section 18–4006 (2a), Idaho Code)."

Respondent moved for a dismissal of the information claiming that the statute under which he was charged was unconstitutional. The trial court, treating the motion as one to quash the information, granted the motion and the action was dismissed. The state appealed from the order and judgment of dismissal and on this appeal assigns error on the part of the trial court

in holding I.C. § 18–4006 unconstitutional and in dismissing the action.

Involved in resolution of the issue presented by this appeal is that portion of I.C. § 18–4006, which pertains to manslaughter arising from operation of a motor vehicle, and which was added to the definition of involuntary manslaughter by S.L. 1965, Ch. 136, which reads as follows:

"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

1. Voluntary—* * *.

2. Involuntary—* * *; or in the operation of a motor vehicle:

(a) In the commission of an unlawful act, not amounting to a felony, with gross negligence; or,

(b) In the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence; or,

(c) In the commission of an unlawful act, not amounting to a felony, without gross negligence; or,

(d) In the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence.

Provided, this provision relating to operation of a motor vehicle shall not be construed as making any homicide in the driving of a vehicle punishable as involuntary manslaughter which is not a proximate result of the commission of an unlawful act, not amounting to a felony, or of the commission of a lawful act which might produce death in an unlawful manner."

The positions of the respective parties in regard to this statute are diametrically opposed, the state contending that this statute is a valid enactment by the legislature, contravening no constitutional provisions; the respondent contends, however, that the statute is unconstitutional in that by its terms it is so vague that men of common intelligence must necessarily guess at its meaning; that a defendant in a criminal case has an absolute right to be informed of the exact charge against him and of the specific offense for which he is to be tried. United States Const. Amend. 14; Idaho Const. Art. 1 § 13; State v. Evans, 73 Idaho 50, 245 P.2d 788.

The trial judge, in sustaining respondent's motion, stated that he was most concerned with the application of the statute in regard to "the commission of a lawful act which might produce death, in an unlawful manner"; that he could not visualize a situation not covered by the motor vehicle act where one could operate a vehicle and commit a lawful act which might produce death in an unlawful manner; that inasmuch as it was not understandable in that regard, the statute was so vague and indefinite that it could not be considered as constitutional.

Prior to 1949, (when I.C. § 18–4006 and I.C. § 18–4007 were amended), I.C. § 18–4006, in defining the crime of involuntary manslaughter, provided:

"Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

1. Voluntary—* * *.

2. Involuntary—in the perpetration of or attempt to perpetrate any unlawful act, other than arson, rape, robbery, burglary, or mayhem, or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

I.C. § 18–4007 provided that punishment for manslaughter was by imprisonment in the state prison not exceeding ten years.

Prior to the 1949 amendments, informations for involuntary manslaughter involving the operation of a vehicle were filed under the provisions of what was then I.C. § 18–4006. State v. Gee, 48 Idaho 688, 284 P. 845; State v. Brooks, 49 Idaho 404, 288 P. 894; State v. Frank, 51 Idaho 21, 1 P.2d 181; State v. Monteith, 53 Idaho 30, 20 P.2d 1023; State v. Freitag, 53 Idaho 726, 27 P.2d 68; State v. Hintz, 61 Idaho 411, 102 P.2d 639; State v. Taylor, 67 Idaho 313, 177 P.2d 468; State v. Salhus,

68 Idaho 75, 189 P.2d 372; State v. Wheeler, (Crime committed 1948) 70 Idaho 455, 220 P.2d 687; See also State v. McMahan, 57 Idaho 240, 65 P.2d 156.

In State v. Brooks, supra, this court stated:

"The court instructed the jury substantially in the language of the statute as to what constituted a violation of the law in the manner of driving a vehicle on the highway, employing the words as in the statute set forth, 'without due caution and circumspection or in a manner so as to endanger or be likely to endanger any person or property.' * * * Ordinarily, the language employed by the Legislature in defining a crime is deemed to be best suited for that purpose, and error cannot be predicated upon its use in informations and instructions. The Legislature has the power to declare what the law shall be on the subject, and, its definition of the offense of involuntary manslaughter having been stated to the jury, in effect, the law upon that point was sufficiently covered, and it was not error for the court to refuse to amplify thereon. * * *." 49 Idaho at 409, 288 P. at 896.

In State v. Hintz, supra, following the opinion of this court in State v. McMahan, supra, this court held that the statutory provisions concerning involuntary manslaughter must be construed in conjunction with the provisions of what is now I.C. § 18–114, which requires that in every crime or public offense there must exist a union, or joint operation of act and intent, or criminal negligence. In the Hintz case, the McMahan case is quoted as follows:

"'In order to properly construe that section [I.C. § 18–114], full force and effect must be given to the qualifying word "criminal," used in connection with the word "negligence."'

"In the McMahan case, we further said:
'The term "criminal negligence," as used in that section, does not mean merely the failure to exercise ordinary care, or that degree of care which an ordinarily prudent person would exercise under like circumstances. It means gross negligence. It is such negligence as amounts to a reckless disregard of consequences and of the rights of others.'" 61 Idaho at 418, 102 P.2d at 642.

In 1949, both I.C. § 18–4006 and § 18–4007 were amended. By S.L.1949 Ch. 126, p. 221, there was added to the definition of involuntary manslaughter the following:

"* * * or in the operation of a motor vehicle in a reckless, careless or negligent manner which produces death; * * *."

and the punishment was fixed for involuntary manslaughter by a fine of not more than $1,000, or imprisonment not exceeding ten years, or both.

In State v. Scott, 72 Idaho 202, 239 P.2d 258, this court was dealing with the statute as thus amended, the alleged crime having been committed on July 13, 1950. Therein this court stated:

"* * * It is asserted that in giving this instruction the court 'has mistaken the identity of a lawful act committed in an unlawful manner with an unlawful act.' This assignment of error is without merit. The defendant is not charged with committing a lawful act in an unlawful manner, thereby causing the death of another. The defendant is charged with the commission of unlawful acts (the operation of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, carelessly, negligently and recklessly and without due caution and circumspection, which acts are expressly forbidden, condemned and made unlawful by Secs. 49–502 and 49–503, Idaho Code). [As then existed] [72 Idaho at 210, 239 P.2d at 263.]
"* * *.

"The defendant, in urging that it was error in the court's failure to give an instruction defining criminal negligence, relies strongly on the case of State v. McMahan, 57 Idaho 240, 65 P.2d 156.

In that case the defendant was convicted of involuntary manslaughter in connection with that portion of Sec. 18–4006 which covers the commission of a lawful act without due caution and circumspection; he was not convicted under the first portion or clause of said section, which appertains to the perpetration of an unlawful act, such as the violation of traffic statutes: reckless driving and driving while under the influence of intoxicating liquor; here the defendant was not charged with negligence but with a violation of Secs. 49–502 and 49–503, Idaho Code, which are unlawful acts and are made so by statute. This court in the case of State v. Salhus, supra [68 Idaho 75, 189 P.2d 372], very clearly differentiated between the McMahan case, where the conviction was for committing a lawful act in an unlawful manner and without due caution and circumspection and thereby resulting in the death of another, and the commission of an act made unlawful by statute; the court therein pointed out that if the act is unlawful, that is, an act which is forbidden by law, and the death of another results from doing such unlawful act, that without more constitutes involuntary manslaughter; the commission of the acts charged, not the negligent or intentional commission of such acts, constitutes the acts as unlawful under the particular statutes; the failure to give an instruction covering intent or criminal negligence did not affect the substantial rights of the defendant and does not constitute prejudicial error." 72 Idaho at 212, 239 P.2d at 264.

The legislature in 1953 enacted as a part of the motor vehicle code the "negligent homicide" statute and fixed the penalty therefor. S.L.1953, Ch. 273.

The 1953 enactment (I.C. § 49–1101) provided:

"Negligent Homicide.—(a) When the death of any person ensues within one year as a proximate result of injury received by the driving of any vehicle in reckless disregard of the safety of others, the person so operating such vehicle shall be guilty of negligent homicide.

"(b) Any person convicted of negligent homicide shall be punished by imprisonment for not more than one year or by fine of not more than $1,000, or by both such fine and imprisonment."

In State v. Davidson, 78 Idaho 553, 309 P.2d 211, it was held that the 1953 law repealed by implication the 1949 amendment of I.C. § 18–4006. See also State v. Bock, 80 Idaho 296, 328 P.2d 1065. Other cases which involved alleged violations of this provision are: State v. Gummerson, 79 Idaho 30, 310 P.2d 362; State v. Cox, 82 Idaho 150, 351 P.2d 472; State v. Anderson, 82 Idaho 293, 352 P.2d 972; State v. Coburn, 82 Idaho 437, 354 P.2d 751; State v. Papse, 83 Idaho 358, 362 P.2d 1083; State v. Carpenter, 85 Idaho 232, 378 P.2d 188; State v. McGlochlin, 85 Idaho 459, 381 P.2d 435.

The legislature in enacting S.L.1965, Ch. 136, repealed I.C. § 49–1101. The 1965 act also redefined involuntary manslaughter arising from the operation of a motor vehicle (I.C. § 18–4006, supra) and in addition established penalties for such crime by amending I.C. § 18–4007, to read as follows:

"Manslaughter is punishable as follows:

1. Voluntary—* * *.

2. Involuntary—by a fine of not more than $1,000.00, or by imprisonment in the state prison not exceeding ten (10) years, or by both such fine and imprisonment, except that a violation of subsection 2 of Section 18–4006, Idaho Code, relating to the operation of a motor vehicle is punishable as follows:

(a) In the case of a violation of subdivisions (a) or (b) of said subsection 2 of section 18–4006, the punishment shall be either by imprisonment in the county jail for not more than one year or in the state prison for not more than five years or by a fine of not more than $1,000.00 or by both such fine and either of said imprisonments, and in such cases

the jury may recommend by their verdict that the punishment shall be by imprisonment in the county jail.

(b) In the case of violation of subdivisions (c) or (d) of said subsection 2 of section 18–4006, the punishment shall be by imprisonment in the county jail for not more than one (1) year or by a fine of not more than $500.00 or by both such fine and imprisonment.

In cases where, as authorized in this section, the jury recommends by their verdict that the punishment shall be by imprisonment in the county jail, the court shall not have authority to sentence the defendant to imprisonment in the state prison, but may nevertheless place the defendant on probation as provided in this code."

With this historical background of the case law and the present statutory enactments in mind, to fully comprehend the intent of the legislature and the meaning of the provisions to determine whether I.C. § 18–4006 is void for uncertainty or indefiniteness, consideration must also be given to other provisions which bear upon the issue, including I.C. § 18–4012, I.C. § 18–114, and I.C. § 18–101, subp. 2.

I.C. § 18–4012, last amended by S.L.1963, Ch. 109 § 1, p. 332, reads in part as follows:

"Homicide is excusable in the following cases:

1. When committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent.

2. * * *."

I.C. § 18–114 provides:

"In every crime or public offense there must exist a union, or joint operation, of act and intent, or criminal negligence."

I.C. § 18–101, subp. 2 provides:

"The words 'neglect,' 'negligence,' 'negligent,' and 'negligently,' import a want of such attention to the nature of probable consequences of the act or omission as a

prudent man ordinarily bestows in acting in his own concerns."

By reason of the enactment of S. L.1965, Ch. 136, it must be presumed the legislature intended a change from the previous law. State ex rel. Anderson v. Rayner, 60 Idaho 706, 96 P.2d 244. It is also to be presumed that the legislature in enactment of a statute consulted earlier statutes on the same subject matter. Nampa Lodge No. 1389, etc. v. Smylie, 71 Idaho 212, 229 P.2d 991.

Examination of the amended versions of I.C. § 18–4006 and § 18–4007, in harmony with the other statutory provisions above set out, reflects an intent to classify the commission of the crime of involuntary manslaughter involving a motor vehicle into two degrees: a felony, and an indictable misdemeanor, the distinction being whether the crime was committed "with gross negligence"—a felony, or "without gross negligence"—an indictable misdemeanor. The degrees of the crime are also classified into two classes, i. e., one involving the commission of an "unlawful act," the other involving the commission of a "lawful act which might produce death, in an unlawful manner."

The legislature in the amendment also employed the identical phrase "lawful act which might produce death, in an unlawful manner" used in the involuntary manslaughter statute for the crime committed by means other than arising from operation of a motor vehicle, but did not see fit to employ the alternative method of commission of the lawful act "without due caution and circumspection."

This court in State v. McMahan, 57 Idaho 240, 65 P.2d 156, held that the phrase "without due caution and circumspection" meant gross negligence such as amounts to reckless disregard of consequences and the rights of others. See also: State v. Hintz, 61 Idaho 411, 102 P.2d 639; 1 Wharton's Criminal Law and Procedure, § 291, p. 610. The McMahan and Hintz cases reached this conclusion from consideration of the requirement of I.C. § 18–

114 that there must exist in every crime or public offense a union or joint operation of act and intent, or criminal negligence.

■ The legislature, classified the crime on the basis of whether it was committed "with gross negligence"—a felony, or "without gross negligence"—an indictable misdemeanor. Such distinction, considered in harmony with the provisions of I.C. § 18–4012, indicates that the legislature intended that only a degree of negligence (as that term is defined by I.C. § 18–101, subp. 2) less than "gross negligence," but of a degree which would disclose acts, conduct, or omissions not embraced within the excusable homicide statute, i.e., "when committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, * * *," would constitute a misdemeanor.

The terms "unlawful act," "gross negligence," "lawful act" and "unlawful manner" are all terms well recognized not only in legal parlance, but in the minds of the average citizen. The term "proximate result" also employed in the 1965 amendment is the converse of the term "proximate cause," which also is a well known term. State v. Ashton, 175 Kan. 164, 262 P.2d 123 (1953). "Negligence" is defined by statute when dealing with the criminal law. I.C. § 18–101, subp. 2.

In People v. Maki, 245 Mich. 455, 223 N.W. 70, 74, (1929), the court stated in language appropriate here:

"While it is desirable that criminal statutes be expressed in language as specific as is possible considering the subject-matter of the legislation, neither in the Constitution nor elsewhere is there a requirement that the impossible should be accomplished. With many types of crimes it is not possible to describe or define them by the use of specific terms and still have the statute sufficiently broad and inclusive to cover the whole class of offenses at which it is aimed."

The Supreme Court of Oregon stated in State v. Wojahn, 204 Or. 84, 282 P.2d 675, 701:

"* * * the standard [of prohibited conduct] need not be defined with such precision that those affected by it will never be required to hazard their freedom upon correctly foreseeing the manner in which a matter of degree may be resolved by a jury."

■ In upholding the constitutionality of the reckless driving statute in this state, this court recognized that a statute couched in general terms prohibiting some form of criminally negligent misconduct was sufficient to apprise operators of motor vehicles of the conduct prohibited. State v. Aims, 80 Idaho 146, 326 P.2d 998; State v. Henry, 83 Idaho 167, 359 P.2d 514; State v. Wendler, 83 Idaho 213, 360 P.2d 697. See following authorities cited in State v. Aims, supra: State v. Wojahn, 204 Or. 84, 282 P.2d 675; State v. Ashton, 175 Kan. 164, 262 P.2d 123; People v. Garman, 411 Ill. 279, 103 N.E.2d 636; State v. Beckman, 219 Ind. 176, 37 N.E. 2d 531; Usary v. State, 172 Tenn. 305, 112 S.W.2d 7, 114 A.L.R. 1401.

In State v. Wojahn, 204 Or. 84, 282 P.2d 675 (1955), that court, after an exhaustive analysis of cases, held that the Oregon statute dealing with negligent homicide was constitutional.

People v. Wilson, 78 Cal.App.2d 108, 177 P.2d 567 (1947) is a case of particular importance in consideration of the issue of whether the Idaho statute is void for uncertainty. That court held the provisions of Cal. Penal Code, § 192 were not void for uncertainty. I.C. § 18–4006 is almost verbatim with Cal. Penal Code, § 192; the principal distinction between the two enactments is the combination of subparagraphs 2(a) and (b) of the Idaho law into one subparagraph 3(a) of the California provision, and of subparagraphs 2(c) and (d) into one subparagraph 3(b)

of the California statute. In that case, the court stated:

"We find no uncertainty in the section. The terms 'lawful' and 'unlawful' are well understood in law. Defendant says in her brief that an act, to be unlawful, need not be punishable as a crime, and she cites authorities to support her statement. It is a correct statement. An act which is expressly forbidden by law is an unlawful act and an act committed in a manner forbidden by law is committed in an unlawful manner." 177 P.2d at 570.

■ Respondent contended before the trial court and on this appeal that the subdivisions 2(b) and (d), wherein is used the phrase "commission of a lawful act which might produce death, in an unlawful manner," are wholly meaningless inasmuch as all aspects of operation of a motor vehicle are governed by the provisions of Title 49, Idaho Code, and hence there cannot be the commission of "a lawful act * * * in an unlawful manner," which is not also an "unlawful act." In State v. Lingman, 97 Utah 180, 91 P.2d 457 (1939), the court stated in answer to a similar contention involving the statutory provisions of that state dealing with involuntary manslaughter arising out of operation of a motor vehicle:

"It is not necessary to state that arm (b) (1) [corresponding to Sub. 2(b) and (d) of I.C. § 18–4006] is useless in automobile cases. There may be some situations we have not conceived of in which it may serve, but as far as we can at present perceive there are no acts regarding the manner of driving an automobile which are denominated unlawful which cannot be conceived of as being an unlawful act. Hence, we feel that the problem is simplified by charging under arm (a) [corresponding to 2(a) and (c) of I.C. § 18–4006] unless the act is lawful, fraught with danger to human life and done without due

care and circumspection, in which case it will come under arm (b) (2) above." 91 P.2d 467.

Further, it is to be pointed out that I.C. § 18–4006 is applicable to all cases wherein there is a charge of involuntary manslaughter arising out of the operation of a motor vehicle, either on or off the highways. Under I.C. § 49–522, subject to exceptions therein, the motor vehicle act relating to operation of vehicles refers exclusively to operation of vehicles upon highways, as that term is defined by I.C. § 49–514(a). It is thus conceivable that a motor vehicle could be lawfully operated off a highway in an unlawful manner within the provisions of I.C. § 18–4006 subp. 2(b) and (d).

■ Respondent has also contended that I.C. § 18–201, subp. 6, would have to be repealed before subsection 2(d) of the amended act could be given force and effect. The pertinent portion of I.C. § 18–201 provides:

"All persons are capable of committing crimes, except those belonging to the following classes:
"* * *

"6. Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was no evil design, intention or culpable negligence."

With this contention we do not agree. This statutory provision is a reiteration of the definition of excusable homicide, I.C. § 18–4012, previously discussed.

■ Respondent has also contended that confusion exists in the amended act because in the case of State v. Taylor, 67 Idaho 313, 177 P.2d 468, it was pointed out that contributory negligence was not a defense in a criminal action. He contends that in case of a minor violation of a statute by an accused, while the deceased violated many statutes, or was grossly negligent in his conduct, the accused could be held criminally responsible. Such con-

tention begs the question, for the involuntary manslaughter statute itself provides:

" * * * this provision relating to operation of a motor vehicle shall not be construed as making any homicide in the driving of a vehicle punishable as involuntary manslaughter which is not a proximate result of the commission of an unlawful act, not amounting to a felony, or of the commission of a lawful act which might produce death in an unlawful manner."

In a prosecution under the provisions of this section, the state still must prove the causal connection between the act and the death, not by a mere burden of proof as is required in a civil action, but beyond a reasonable doubt. In such case the theory of contributory negligence has no part. State v. Gee, 48 Idaho 688, 701, 284 P. 845; State v. Brooks, 49 Idaho 404, 288 P. 894. The accused in such a case is adequately protected by the higher burden of proof imposed upon the state.

It is thus our conclusion that the statute is not subject to the vice claimed by respondent, but that it fully complies with the constitutional provisions of this state and the United States.

The judgment of dismissal is reversed; the trial court shall reinstate the information and proceed further.

TAYLOR, C. J., and SMITH, McQUADE and SPEAR, JJ., concur.