21 P.3d 943

STATE of Idaho, Plaintiff–Respondent,

v.

Brandy BYINGTON, Defendant–Appellant.

No. 26065.

Court of Appeals of Idaho.

March 29, 2001.

Daniel L. Hawkley, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHWARTZMAN, Chief Judge.

Brandy Byington appeals from her conviction for felony injury to child, I.C. § 18–1501. We reverse.

## I.

### FACTS AND PROCEDURE

On July 17, 1998, Byington left her four-year-old daughter, Tawney, and her six-year-old son, Skye, alone in her Meridian home. Before leaving on her bicycle to go to a supermarket, Byington instructed Tawney and Skye to remain in the basement watching television until she returned. In the backyard of the home, there was a sixteen-foot-wide, thirty-foot-long, above-ground swimming pool with over three feet of algae-ridden water inside. The pool deck had a fence and gate, but the gate was left un-latched.[1]

Byington returned approximately forty-five minutes later and called for Tawney and Skye. In the backyard, Byington saw Skye who said: "Mommy, Tawney's dead." Byington found Tawney unconscious in the pool. She took her out of the pool and began performing CPR on her, but to no avail. Tawney eventually died after being on life support for two weeks. Tawney died due to anoxia—prolonged deprivation of oxygen to the brain—resulting from drowning. It was later discovered in a police interview with Skye that he had pushed Tawney into the swimming pool by pushing her in the back "so that she would hit the pool face first."

A grand jury indictment was filed, charging Byington with felony injury to child, I.C. § 18–1501. Byington moved to dismiss the indictment, claiming that it was defective on its face for failing to state an offense and that I.C. § 18–1501 was unconstitutionally vague. This motion was denied after a hearing, with the district court stating: "All that's required of an indictment is that it contain a plain, concise, and definite written statement of the essential facts constituting the offense charged. The basic requirement for the sufficiency of an indictment has been met." Byington thereafter entered into a plea agreement with the state and pled guilty to the charge as contained in the indictment. Byington was sentenced to a unified term of seven years, with two years fixed. Her sentence was suspended and she was placed on seven years' probation. Byington appeals from her conviction.

## II.

### THE STATE'S INDICTMENT WAS JURISDICTIONALLY DEFECTIVE

#### A. Standard of Review

■ Whether an indictment or other charging document meets the requirements

---

1. Subsequent interviews with Skye revealed that he could have opened the gate even if it had been latched.

of law is subject to free review on appeal. *State v. Owen*, 129 Idaho 920, 926, 935 P.2d 183, 189 (Ct.App.1997).

## B. Analysis

Idaho Code § 18–1501 provides:

Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, *or having the care or custody* of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.

(Emphasis added.) Byington's indictment alleged:

That the Defendant, BRANDY BYINGTON, on or about the 17th day of July, 1998, in the County of Ada, State of Idaho, did under circumstances likely to produce great bodily harm or death, commit an injury upon a child under eighteen years of age, to wit: Tawney S. of the age of four years (DOB 3/22/94), by unlawfully and willfully causing or permitting the child to be placed in a situation endangering her health or person, by leaving Tawney S., alone unattended with her six year old brother with a swimming pool in the backyard.

■ On appeal, the state *concedes* in its brief that "it is clear from the indictment that the alternative under which Byington was charged is 'having care or custody of any child, ... willfully causes or permits such child to be placed in such situation that its person or health is endangered.'" This is important because the state's indictment does not allege that Byington had the care or custody of Tawney at the relevant time. While I.C. § 19–1409(2) only requires "a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended," an indictment is jurisdictionally defective "when the alleged facts are not made criminal by statute, or where there is a failure to state facts essential to establish the offense charged." *Hays v. State*, 113 Idaho 736, 739, 747 P.2d 758, 761 (Ct.App.1987). Such jurisdictional defects are not waived by the entry of a guilty plea. *Id.* at 739–40, 747 P.2d 758; *see also State v. Grady*, 89 Idaho 204, 211–12, 404 P.2d 347, 351 (1965) (stating that "[e]ven though a plea of guilty was entered by the appellant ..., that does not bar him from raising jurisdictional defects in the information").

■ In *Hays, supra,* the defendant attempted to challenge the court's jurisdiction after he pled guilty by asserting that the alleged crimes occurred in another state. The state's information, however, alleged that the crimes took place in Idaho. Therefore, this Court rejected Hays' jurisdictional challenge, holding that a valid guilty plea admits all essential *allegations* including jurisdictional facts contained in the indictment or information. *Hays*, 113 Idaho at 740, 747 P.2d at 762. *Hays* is readily distinguishable from the instant case because the state's indictment here did not allege the essential jurisdictional fact or element that Byington had care or custody of Tawney. Therefore, Byington could not have admitted such fact by pleading guilty.

■ The allegation that Byington had the care or custody of Tawney at the relevant time was an essential fact to establishing Byington's guilt under the theory chosen by the state in its indictment. The state admitted as much at oral argument before this Court and this interpretation is additionally supported by the structure and language of Idaho Criminal Jury Instruction 1243. However, the state cites *Owen, supra,* and argues that Byington was not prejudiced by the state's indictment because she knew that she had the care and custody of Tawney without the state having to allege it. While we agree that the indictment had "sufficient particularity to enable the accused to prepare a proper defense," *State v. Coleman*, 128 Idaho 466,

**624**

471, 915 P.2d 28, 33 (Ct.App.1996), this does not abrogate any jurisdictional defects.[2]

■ Finally, the state attempts to find support in *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991), which holds that "a minor or technical deficiency [in an indictment] which does not prejudice the defendant will not provide a basis for setting a conviction aside." *Robran,* however, further states that an indictment, *not challenged before a verdict is rendered,* will be upheld "unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant is convicted." *Id. Robran* is distinguishable from this case, because Byington *did* challenge the sufficiency of the state's indictment by way of a motion to dismiss before entering her guilty plea. Even after this defect was pointed out to it, the state inexplicably did not seek to amend its indictment. Moreover, *Robran* also reaffirmed the principle that the failure of an indictment to charge a crime is a fundamental defect which can be raised at any time. *Id.; see also State v. Pyne,* 105 Idaho 427, 670 P.2d 528 (1983); *State v. Mowrey,* 91 Idaho 693, 429 P.2d 425 (1967); *State v. Cole,* 31 Idaho 603, 174 P. 131 (1918).

For all of the reasons stated above, we conclude that the state's indictment was *jurisdictionally defective* for failing to allege a material fact essential to establish the offense with which Byington was charged.

### III.

### CONCLUSION

Byington's indictment was jurisdictionally defective on its face and the motion to dismiss that indictment should have been granted. Accordingly, we reverse the judgment of

2. The state also cites I.C. § 19–1417, which provides: "Words used in a statute to define a public offense need not be strictly pursued in the indictment." Again, while this is true, the second part of this statute states: "but other words conveying the same meaning may be used." The state claims that "other words" do exist in the form of "leaving Tawney S. alone unattended." However, as argued by Byington, a person *not* having care or custody of a child is also capable

conviction and dismiss the state's indictment in this case.[3]

LANSING and PERRY, JJ., concur.

of leaving that child alone unattended. No "other words" were used in the instant indictment to allege the essential fact that Byington had care or custody of Tawney.

3. Because of our conclusion, we need not address the other issues raised by Byington on appeal.