108 P.3d 410

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Hugh S. McNAIR, Defendant–Appellant.**

No. 30109.

Court of Appeals of Idaho.

Jan. 10, 2005.

Review Denied March 10, 2005.

Wiebe & Fouser, Caldwell, for appellant. Thomas A. Sullivan argued.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent. Melissa Nicole Moody argued.

LANSING, Judge.

Appellant Hugh S. McNair was convicted of misdemeanor vehicular manslaughter. The issues he raises on appeal, challenging the sufficiency of the criminal complaint and the jury instructions, require that we determine whether negligence on the part of the defendant is an element of vehicular manslaughter under Idaho Code § 18–4006(3)(c). We hold that it is and therefore vacate the judgment and remand for a new trial.

## I.

## BACKGROUND

On the evening of February 9, 2001, Hugh S. McNair was driving southbound on Highway 55 between McCall and Boise in wintry conditions. As he started to negotiate a curve, McNair's vehicle crossed into the opposite lane and collided head-on with another vehicle. Injuries from the collision resulted in the death of Reed Ostermeier, the passenger in the other vehicle. McNair was charged with misdemeanor vehicular manslaughter, I.C. § 18–4006(3)(c).

The second amended complaint, upon which McNair went to trial, alleged:

> That the defendant, HUGH S. MCNAIR ... did, unlawfully but without malice kill Reed Elvin Ostermeier, a human being, by operating a motor vehicle ... in the commission of an unlawful act or acts, not amounting to a felony, without gross negligence, to wit; the defendant was driving southbound at said location, carelessly, imprudently or inattentively by not paying attention *and/or* at a speed greater than is reasonable and prudent under the conditions or when approaching an intersection and curve or failing to observe special hazards that may be in existence by reasons of weather or highway conditions that caused him to apply his brakes, locking up his wheels *and/or* sliding his vehicle into the oncoming northbound lane striking the vehicle driven by Heidi M. Ostermeier killing Reed Elvin Ostermeier.

> All of which is a misdemeanor in violation of Idaho Code 18–4006(3)(c), and

against the peace, power and dignity of the State of Idaho.

At trial, the defense theory was that McNair's vehicle hit a patch of ice on the road as he was entering a curve, which caused his vehicle to skid into the other lane despite McNair's exercise of due care. McNair was nevertheless found guilty by the jury.

McNair's conviction and sentence were affirmed by the district court on intermediate appeal. On further appeal to this Court, McNair argues that (1) the criminal complaint was jurisdictionally defective because it did not adequately allege that McNair was negligent; and (2) the magistrate failed to properly instruct the jury that negligence is an element of vehicular manslaughter.[1] Both of these issues relate to the State's allegation that McNair caused the victim's death by "sliding his vehicle into the oncoming northbound lane striking the vehicle driven by Heidi Ostermeier...." Neither that portion of the amended complaint nor the related jury instruction expressly incorporated an element of negligence.

## II.

## ANALYSIS

### A. Negligence as an Element of Vehicular Manslaughter

█ Both McNair's claim that the complaint was jurisdictionally defective and his claim of error in the jury instructions require that we determine whether vehicular manslaughter may be a strict liability offense or requires some degree of negligence. Although the State conceded before the district court that negligence is an element of the offense, it now argues to the contrary.

On the date of the accident, vehicular manslaughter was defined in I.C. § 18–4006(3)(c) as follows:

Manslaughter is the unlawful killing of a human being without malice. It is of three (3) kinds:

....

3. Vehicular—in which the operation of a motor vehicle is a significant cause contributing to the death because of:

(a) the commission of an unlawful act, not amounting to a felony, with gross negligence; or

(b) the commission of a violation of section 18–8004 or 18–8006, Idaho Code; or

(c) the commission of an unlawful act, not amounting to a felony, without gross negligence.[2]

McNair was charged under subpart (c) which, on its face, does not include an element of negligence, but requires only an "unlawful act" that significantly contributes to the cause of death. The State contends that McNair committed an "unlawful act" when his vehicle crossed the center line, and even if it occurred without his negligence, he is guilty of vehicular manslaughter.[3] McNair argues that the Idaho courts have interpreted I.C. § 18–4006(3)(c) to include an element of negligence and that, if the statute is interpreted to create a strict liability offense, it would violate the constitutional right of due process.

█ When a court must engage in statutory construction, its duty is to ascertain and give effect to the intent of the legislature. *State v. Shanks*, 139 Idaho 152, 154, 75 P.3d 206, 208 (Ct.App.2003). In so doing, we look to the context of the statutory language in question and the public policy behind the statute. *Id.; State v. Cudd*, 137 Idaho 625, 627, 51 P.3d 439, 441 (Ct.App.2002). When an ambiguous statute is part of a larger statutory scheme, we not only focus upon the language of the ambiguous statute, but also look at other statutes relating to the same

---

1. McNair also asserts that the magistrate imposed an excessive sentence, an issue that we do not reach.

2. This statute was amended in 2002 to include a human embryo or fetus in the definition of a human being. 2002 Idaho Sess. Laws, ch. 350 § 2.

3. Presumably, the unlawful act to which the State refers is a violation of I.C. §§ 49–630, 49–631 and/or 49–637. Implicit in the State's argument is the proposition that these statutes prohibiting driving to the left of the center line create criminal liability even if the driver was exercising due care. That is a proposition that we need not address.

subject matter and consider them together in order to discern legislative intent. *Shanks*, 139 Idaho at 154, 75 P.3d at 208; *State v. Paciorek*, 137 Idaho 629, 632, 51 P.3d 443, 446 (Ct.App.2002). Even when a statute is not ambiguous on its face, "judicial construction might nevertheless be required to harmonize the statute with other legislative enactments on the same subject." *Winter v. State*, 117 Idaho 103, 106, 785 P.2d 667, 670 (Ct.App.1989). We also are obligated to apply the doctrine of lenity, which requires courts to construe ambiguous criminal statutes in favor of the accused. *State v. Wees*, 138 Idaho 119, 124, 58 P.3d 103, 108 (Ct.App. 2002); *State v. Dewey*, 131 Idaho 846, 848, 965 P.2d 206, 208 (Ct.App.1998).

An analysis of the mental element (if any) for vehicular manslaughter under § 18–4006(3)(c) requires consideration of not only the language of that statute, but also of two additional statutes. One of those is the excusable homicide statute, I.C. § 18–4012, which provides:

Homicide is excusable in the following cases:

1. When committed by accident and misfortune in doing any lawful act by lawful means, with usual and ordinary caution, and without any unlawful intent.

2. When committed by accident and misfortune, in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat when no undue advantage is taken nor any dangerous weapon used, and when the killing is not done in a cruel or unusual manner.

The other is I.C. § 18–201(3), which provides:

All persons are capable of committing crimes, except those belonging to the following classes:

. . . .

3. Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence.

In our view, §§ 18–4012 and 18–201 collectively express a legislative intent that there is no criminal homicide when a death occurs through an accident and entirely without any negligence or other culpable behavior.

Although there are no previous Idaho decisions directly addressing the issue presented here, our interpretation of these statutes draws some support from two prior decisions, *State v. Long*, 91 Idaho 436, 423 P.2d 858 (1967), and *Haxforth v. State*, 117 Idaho 189, 786 P.2d 580 (Ct.App.1990). In *Long*, the defendant was charged with involuntary manslaughter in the operation of an automobile under then-existing I.C. § 18–4006(2), which was very similar to the present I.C. § 18–4006(3).[4] *Long* challenged the statute as being unconstitutionally vague. In the course of addressing that challenge, and ultimately upholding the validity of the statute, the Supreme Court stated:

The legislature, classified the crime on the basis of whether it was committed "with gross negligence"—a felony, or "without gross negligence"—an indictable misdemeanor.[5] Such distinction, considered in harmony with the provisions of I.C. § 18–4012, indicates that the legislature intended that only a degree of negligence (as that term is defined by I.C. § 18–101, subp. 2) less than "gross negligence," but of a degree which would disclose acts, conduct, or omissions not embraced within the excusable homicide state, i.e., "when committed by accident and misfortune in doing

---

**4.** The statute under consideration in *Long* provided:

Manslaughter is the unlawful killing of a human being, without malice. It is of two kinds:

1. Voluntary—. . . .

2. Involuntary—. . .; or in the operation of a motor vehicle:

(a) In the commission of an unlawful act, not amounting to a felony, with gross negligence; or,

(b) In the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence; or,

(c) In the commission of an unlawful act, not amounting to a felony, without gross negligence; or,

(d) In the commission of a lawful act which might produce death, in an unlawful manner, but without gross negligence.

**5.** The same classification exists under the present statutes. *See* I.C. § 18–4007(3).

any lawful act by lawful means, with usual and ordinary caution, ..." would constitute a misdemeanor.

*Long,* 91 Idaho at 442, 423 P.2d at 864.

In *Haxforth,* the defendant had attempted to pass another vehicle, at a time when there was traffic in the oncoming lane. This maneuver, which violated I.C. § 49–634, caused the death of a passenger in an oncoming vehicle. The State charged Haxforth with misdemeanor vehicular manslaughter, alleging not gross negligence but ordinary negligence. Following his conviction, Haxforth brought a petition for post-conviction relief, asserting, among other things, that I.C. § 18–201 precluded his conviction because even if he was negligent, he was not "culpably negligent." In rejecting that argument, this Court stated:

> Idaho Code § 18–201 states that a person is incapable of committing a crime if he "committed the act ... through misfortune or by accident, when it appears that there was not evil design, intention or *culpable negligence.*" (Emphasis added.) In *State v. Long,* 91 Idaho 436, 443, 423 P.2d 858, 865 (1967) our Supreme Court determined that the reference to "culpable negligence" is simply a reiteration of the excusable homicide standard under I.C. § 18–4012. It does not preclude imposition of criminal responsibility for negligence under the vehicular manslaughter statute. In essence, we understand *Long* to mean that negligence in committing an unlawful act, resulting in death, is "culpable negligence." Therefore, we conclude that Haxforth is not shielded by I.C. § 18–201.

*Haxforth,* 117 Idaho at 191, 786 P.2d at 582. It is implicit in these comments that commission of an act (even if it is unlawful under a strict liability statute) that involves no negligence at all would not satisfy the "culpable negligence" requirement of section 18–201 and therefore would not support a conviction for vehicular manslaughter.

The State incorrectly contends that the above passage shows that the *Haxforth* Court "interpreted any negligence require-

ment in the misdemeanor manslaughter statute to require nothing more than an unlawful act resulting in death." To the contrary, *Haxforth* says that, *"negligence* in committing an unlawful act" is culpable negligence. *Id.* (emphasis added).

Having concluded that Idaho law requires a culpable mental state of at least simple negligence before an individual may be convicted of vehicular manslaughter, we must determine whether the criminal complaint and the jury instructions in McNair's case adequately addressed this element of the offense.[6]

### B. The Criminal Complaint Was Not Jurisdictionally Defective

■ McNair contends that the criminal complaint was insufficient to confer jurisdiction upon the court because it did not allege that his failure to maintain his lane of travel was the product of a negligent act or omission and, hence, did not allege all of the elements of vehicular manslaughter. The State contends that because the charge was a misdemeanor, it was not necessary to allege the specific facts of the offense. Without reaching the State's contention, we conclude that the complaint was not jurisdictionally defective.

The second amended complaint identified at least three alternative unlawful acts which allegedly were committed by McNair and caused the death of the victim: (1) driving "carelessly, imprudently or inattentively" and/or (2) driving "at a speed greater than is reasonable and prudent under the conditions" and/or (3) "sliding his vehicle into the oncoming northbound lane." McNair does not challenge the sufficiency of the allegations with respect to the first two of these but contends that, because the acts are pleaded in the alternative, the omission of any allegation of negligence with respect to the third act of sliding into the oncoming lane makes the complaint insufficient to allege an offense and, hence, insufficient to confer jurisdiction on the court.

---

6. Because we conclude that I.C. §§ 18–201 and 18–4012 together require a culpable mental state of at least negligence, we need not address

McNair's argument that such a requirement is mandated by the constitutional guarantee of due process.

A charging document will be deemed so flawed that it fails to confer jurisdiction on the court if the facts alleged are not made criminal by statute or if the document fails to state facts essential to establish the offense charged. *State v. Mayer,* 139 Idaho 643, 646, 84 P.3d 579, 582 (Ct.App. 2004); *State v. Byington,* 135 Idaho 621, 21 P.3d 943 (Ct.App.2001). If an alleged deficiency is raised by a defendant before trial or entry of a guilty plea, the charging document must state all facts essential to establish the charged offense, *State v. Halbesleben,* 139 Idaho 165, 168, 75 P.3d 219, 222 (Ct.App. 2003); *Byington,* 135 Idaho at 623, 21 P.3d at 945; but if the information is not challenged until after a verdict or guilty plea, "it will be liberally construed in favor of validity, and a technical deficiency that does not prejudice the defendant will not provide a basis to set the conviction aside." *Halbesleben,* 139 Idaho at 168, 75 P.3d at 222; *State v. Cahoon,* 116 Idaho 399, 400, 775 P.2d 1241, 1242 (1989); *State v. Robran,* 119 Idaho 285, 287, 805 P.2d 491, 493 (Ct.App.1991). Thus, if the challenge is tardy, the charging document will be upheld on appeal "unless it is so defective that it does not, by any fair or reasonable construction, charge an offense for which the defendant was convicted." *Halbesleben,* 139 Idaho at 168, 75 P.3d at 222. *See also Robran,* 119 Idaho at 287, 805 P.2d at 493.

Because the liberality we use in construing the complaint depends upon the timing of McNair's claim that it was jurisdictionally defective, it is necessary to review the relevant procedural history. The State's original complaint was amended, and the first amended complaint charged that on the date in question McNair "did, unlawfully but without malice kill Reed Elvin Ostermeier, a human being, by operating a motor vehicle ... in the commission of an unlawful act or acts, not amounting to a felony, without gross negligence, wherein, his vehicle went into the oncoming lane of traffic and struck the [Ostermeier] vehicle...." Shortly afterward, McNair moved to dismiss this amended complaint, contending that the conduct alleged to

have constituted the underlying "unlawful act" was consistent with lawful operation of a motor vehicle. The State then filed the second amended complaint that we have heretofore quoted. The court minutes from the hearing on the motion to dismiss show that defense counsel told the court that he was satisfied that the second amended complaint resolved the objections raised in the motion, and the magistrate therefore found the motion to dismiss to be moot. Now, following McNair's conviction, he contends for the first time that the second amended complaint was jurisdictionally defective. We therefore exercise "considerable leeway to imply the necessary allegations," *Robran,* 119 Idaho at 287, 805 P.2d at 493, and will find the pleading insufficient to confer jurisdiction only if it does not "by any fair or reasonable construction, charge the offense for which the defendant was convicted." *Halbesleben,* 139 Idaho at 168, 75 P.3d at 222.

McNair points out that, "sliding his vehicle into the oncoming northbound lane" is alleged as an independent, alternative unlawful act upon which he could be convicted for vehicular manslaughter. He argues that because the phrase did not include an allegation that he was negligent, this alternate theory of criminal liability was invalid, and that the entire complaint was therefore insufficient to allege the offense.

Having concluded above that a culpable mental state of at least negligence is required under I.C. § 18–4006(3)(c), we agree with McNair that the third alternative, "*and/or* sliding his vehicle into the oncoming northbound lane," was defective for failure to allege any negligence or other culpable mental state. It does not follow, however, that the amended complaint is jurisdictionally insufficient merely because the third alternative is infirm. Both the first and second alternatives made clear references to negligence, by using such words and phrases as, "carelessly," "imprudently," "inattentively," "not paying attention," and "at a speed greater than is reasonable and prudent under the conditions."[7] McNair does not chal-

---

7. The first alternative was apparently referring to inattentive driving, I.C. § 49–1401(3), as the underlying unlawful act and the second alternative was apparently referring to a violation of Idaho's basic speed rule, I.C. § 49–654(1).

lenge the sufficiency of the first and second alternatives. Because the first two alternatives were sufficient to describe an offense, we conclude that the second amended complaint as a whole was adequate to confer jurisdiction on the court.

## C. Jury Instructions

■ We next address McNair's contention that the jury instructions were erroneous because they did not require a finding that McNair was negligent before he could be found guilty of vehicular manslaughter under I.C. § 18–4006(3)(c).

■ When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Alsanea,* 138 Idaho 733, 743, 69 P.3d 153, 163 (Ct.App.2003); *State v. Bowman,* 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct.App.1993). A trial court must charge the jury with all rules of law material to the determination of the defendant's guilt or innocence. I.C. § 19–2132(a); *State v. Fetterly,* 126 Idaho 475, 476, 886 P.2d 780, 781 (Ct.App.1994). Therefore, the jury must be instructed on all elements of the charged offense. *Halbesleben,* 139 Idaho at 168–69, 75 P.3d at 222–23; *State v. Crowe,* 135 Idaho 43, 47, 13 P.3d 1256, 1260 (Ct.App.2000). The omission of an element of the crime impermissibly lightens the prosecution's burden of proof. *Id.*

McNair contends that Instruction 3 required the jury to convict him even if it found that he was not negligent during the events leading up to the collision. That instruction said:

In order for the defendant to be guilty of Vehicular Manslaughter, the state must prove each of the following:

1. On or about February 9, 2001

2. in the state of Idaho

3. the defendant Hugh S. NcNair, while operating a motor vehicle committed one or more of the following acts;

    (a) Inattentive driving; and/or

    (b) Operating his motor vehicle in violation of Idaho's Basis Rule; and/or

    (c) Failing to maintain lane of travel.

4. the defendant's operation of the motor vehicle in an unlawful manner caused the death of Reed Ostermeier:

You are further instructed that the unlawful act or acts are committed when one or all of the following occurred:

    (a) The defendant drove his vehicle inattentively, carelessly or imprudently, in light of the circumstances then existing; and/or

    (b) The defendant drove his motor vehicle in violation of Idaho's Basic Rule by driving at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing or by failing to drive at a safe and appropriate speed when approaching and going around a curve or by reason of weather or highway conditions; and/or

    (c) The defendant, while driving his motor vehicle, failed to maintain his lane of travel.

If the state has failed to prove paragraphs 1 through 4, then you must find the defendant not guilty. If you unanimously find that the state has proven paragraphs 1 through 4, including at least one of the components of the unlawful act or acts as stated in 3(a) or (b) or (c) beyond a reasonable doubt, then you must find the defendant guilty of vehicular manslaughter.

This instruction, argues McNair, directed the jury to convict him based solely upon his failure to maintain his lane of travel, even if such failure was not a product of negligence. We agree. Application of parts 3(c) and 4(c) of the instruction required the jury to find McNair guilty if the collision was caused by McNair's failure to maintain his lane of travel, irrespective of negligence or other fault.

The State contends that any deficiency in Instruction 3 was cured by Instruction 3A, which was based upon I.C. § 18–201(3), and which stated:

All persons are capable of committing crimes, except those belonging to the following classes:

. . . .

3. Persons who committed the act or made the omission charged, through misfortune or by accident, when it appears that there was not evil design, intention or culpable negligence.

We are not persuaded that this instruction cured the flaw in Instruction 3. The two instructions may well have led to jury confusion because they contradicted one another. Instruction 3 told the jurors that if they found McNair caused the victim's death by failing to maintain his lane of travel while driving, they "must find the defendant guilty of vehicular manslaughter." Instruction 3A, on the other hand, implied that McNair would not be guilty if he was not negligent. A juror who believed the defense theory, that McNair's vehicle left the lane of travel but that it was not due to any negligence on McNair's part, would be hard-pressed to determine what effect to give to Instruction 3A when Instruction 3 required a guilty verdict.

The instructions did not preclude the jury from finding McNair guilty without any finding of negligence or other culpability. When it is not possible to determine whether the jury reached its verdict on a correct or incorrect legal theory, an appellate court must vacate the conviction and remand the case for a new trial. *State v. Luke*, 134 Idaho 294, 301, 1 P.3d 795, 802 (2000).

### III.

### CONCLUSION

The second amended complaint in this case was sufficient to allege an offense on two of the three legal theories alleged, and it therefore was sufficient to confer jurisdiction on the court. However, the jury instructions were deficient because they did not require the State to prove a culpable mental state amounting to at least simple negligence. Therefore, the judgment of conviction is vacated and the case remanded for a new trial.

Judge GUTIERREZ and Judge Pro Tem BEVAN concur.

